UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEED SHARIF LOVELESS, SR., | No. C 09-4281 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| DEPUTY FITZGERALD FIELDS, | |
| Defendant. | |

## INTRODUCTION

Rasheed Sharif Loveless, Sr., an inmate at San Francisco County Jail # 2, filed a pro se civil rights action under 42 U.S.C. § 1983 about conditions at the jail. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Loveless alleges the following in his complaint. During visiting hours at the county jail on June 21, 2009, he informed deputy Fields "of an enemy" he had, apparently in an effort to change the circumstances of his visit but deputy Fields did not believe him. Complaint, p. 3. Loveless earlier had explained to another deputy his enemy concerns, and that deputy said he would "pull [Loveless] last and place [him] in the small room." Id. When Loveless tried to explain this arrangement to deputy Fields, Fields wouldn't follow the plan and told Loveless he had to tell him who the enemy was and would have to point him out in the visiting room. Loveless told Fields he would not do that because he was afraid of being labeled a "snitch." Id.

Loveless alleges that Fields "took my visiting falsified a report and re-injured my back that all staff are aware of." Id. (errors in source).

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The two constitutional rights implicated by the allegations of the complaint are the First Amendment right to visitation and the Eighth Amendment right to be free from cruel and unusual punishment. The complaint does not provide enough information for the court to determine that a claim for a violation of either right has been stated.

To state an Eighth Amendment claim for deliberate indifference to a prisoner's safety in such a context, the prisoner must allege that prison officials knew he had enemies on a yard (or, here, perhaps in the visiting room) and put him there with deliberate indifference to a risk of harm to him from those enemy-prisoners. See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).[1] Loveless' complaint is unclear as to

---

[1] The complaint does not state whether Loveless was a prisoner or a pretrial detainee at the time of the alleged problem. In his amended complaint, Loveless should state whether he was a convict or a pretrial detainee at the time of the alleged problem because his status makes a difference as to the constitutional provision under which his claim arises. His claim would arise under the Eighth Amendment if he was a convict and under the Fourteenth Amendment's Due Process Clause if he was a pretrial detainee.

whether he told the deputy who his enemy was or simply told the deputy that he had an enemy that he refused to identify by name. He needs to explain in his amended complaint whether he provided to the deputy the name of the particular inmate who posed a danger to him or explain why he did not do so. It does not seem to be an unreasonable request – let alone deliberate indifference -- to require a prisoner to name his enemy and explain why that person is a danger to him before accommodating his request to alter visiting procedures for him. If Loveless did not tell the deputy the name of the alleged enemy, he must allege facts that show why doing so would have created a genuine risk to him. In preparing his amended complaint, he should bear in mind the mental state necessary for the defendant to be liable on an Eighth Amendment claim: the official must know of and disregard a substantial risk of serious harm to inmate health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he or she must actually draw that inference. Id.

Additionally, the complaint states that Loveless re-injured his back without explaining how that occurred or why deputy Fields should be held liable for that injury. Loveless does not allege that he was ever attacked by the inmate who allegedly posed a danger to him. In his amended complaint, he should allege if and when he was attacked by the other inmate who was his known enemy and what deputy Fields did or failed to do that caused that attack to occur.

The other constitutional right implicated by the allegations of the complaint is the right to visitation. Prisoners retain those First Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). When faced with a First Amendment challenge to a prison visitation policy, a court need not determine the scope of the asserted constitutional right if it finds that the challenged policy is reasonably related to legitimate penological interests, in which case the policy must be upheld. Overton v. Bazzetta, 539 U. S. 126, 131-32 (2003) (applying Turner v. Safley, 482 U.S. 78, 89 (1987)). The complaint does not have enough information for the court to determine whether a claim has been stated for a First Amendment violation. The allegations of the complaint suggest that the visit was lost because Loveless failed to comply

3

with the deputy's request for information. If Loveless wants to try to allege a violation of his constitutional right to visitation, he needs to provide a more detailed description of what happened with regard to the visit. He should clearly explain whether he was allowed to have a visit and, if not, why he was not allowed to have a visit. He also should describe the report that allegedly was falsified and the way(s) in which the report was falsified.

The only defendant Loveless named in the complaint was deputy Fields. If he wishes to add other defendants in his amended complaint, he may do so. Regardless of the number of defendants named in the amended complaint, for each such defendant, Loveless must be sure to allege what each defendant did or failed to do to cause a violation of his constitutional rights.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **May 28, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: April 13, 2010

SUSAN ILLSTON
United States District Judge

4